GERALD E. THORNTON, Private First Class, U. S. Marine

Corps, Petitioner

v

W. G. JOSLYN, Brigadier General, U. S. Marine Corps,
Commanding General, Marine Corps Base, Twentynine Palms,
California, Respondent

Miscellaneous Docket
No. 73-37

August 8, 1973

Not reported below.

*Captain Charles J. Hely,* USMCR, counsel for Petitioner.

*Lieutenant Colonel G. L. Bailey,* USMC, and *Lieutenant E. Alan Hecht-kopf,* JAGC, USNR, counsel for Respondent.

## MEMORANDUM ORDER OF THE COURT

On consideration of the Petition for Extraordinary Relief and of the Response to Order to Show Cause filed in the above-entitled action, the following facts appear:

On February 10, 1973, a general court-martial, convened by order of the respondent, Commanding General, Marine Corps Base, Twentynine Palms, California, convicted petitioner of certain offenses and imposed a sentence of confinement at hard labor for one year, forfeiture of all pay and allowances, and reduction to pay grade E-1. At some undisclosed time thereafter, petitioner was transferred to the Naval Disciplinary Command, Portsmouth, New Hampshire, for service of the confinement imposed. A combination of lack of experienced court reporters and a heavy case load delayed the transcription of the record of petitioner's trial until June 12, 1973, when the detailed reporter completed a rough draft of the transcription. The final transcript consisting of 745 pages was completed by a civilian secretary July 20, 1973. It does not appear that this transcript has been authenticated by the military judge as required by paragraph 82f, Manual for Courts-Martial, United States, 1969 (Rev.).

Having received no general court-martial orders relating to petitioner, the supervisor of the legal office of the Disciplinary Command contacted the staff judge advocate of the convening authority on six separate occasions, namely, on May 15 and 16, June 5 and 19, and July 9 and 16, 1973. On each occasion he was informed the record was being typed,

would be authenticated within 2 or 3 weeks, and the convening authority would act "shortly thereafter."

In his affidavit attached to the Response to Order to Show Cause, the staff judge advocate declares:

"The record of trial has been fully transcribed and must now be sent to the Military Judge for authentication, after which time it will require approximately two weeks to conduct the Staff Judge Advocate's review and advice to the Commanding General.

It is anticipated that the complete record and the convening authority's action should be complete on or about 24 August 1973."

It is apparent that the foregoing statement is the same response made to the Disciplinary Command on the six occasions mentioned above.

To guard against further unwarranted and unsatisfactorily explained delays in the review of petitioner's trial, it is ordered that on or before August 20, 1973, the record of petitioner's trial be authenticated as required by paragraph 82f, MCM, and acted upon by the convening authority pursuant to Article 60, Uniform Code of Military Justice, 10 USC § 860, and related articles; if the convening authority approves a sentence requiring further action by the United States Navy Court of Military Review, then, upon completion of his action, the convening authority shall immediately cause the record of trial, together with all attachments thereto, and the allied papers, to be forwarded to this Court; if the convening authority approves a sentence which does not require further review by the Court of Military Review, the respondent shall immediately forward to this Court a certified copy of the general court-martial order promulgating the result of petitioner's trial and his action thereon; and upon receipt of the documents referred to above, such further orders as may then appear necessary and appropriate shall issue.